UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Hartford Division

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE No. | 15-21646 (JJT) |
| | ) | | |
| ANLINDA Y. KNIGHT, | ) | CHAPTER | 7 |
|     DEBTOR. | ) | | |
| | ) | | |
| THOMAS C. BOSCARINO, | ) | | |
| CHAPTER 7 TRUSTEE OF THE ESTATE OF | ) | | |
| ANLINDA Y. KNIGHT | ) | ADV. PRO. No. | 15-02064 (JJT) |
| | ) | | |
|     PLAINTIFF, | ) | | |
| v. | ) | | |
| | ) | RE: ECF No. | 8, 17, 18 |
| BOARD OF TRUSTEES OF CONNECTICUT | ) | | |
| STATE UNIVERSITY SYSTEM, | ) | | |
| | ) | | |
|     DEFENDANT. | ) | | |

**APPEARANCES**

| | |
|---|---|
| Jeffrey Hellman, Esq.<br>Law Offices of Jeffrey Hellman, LLC<br>195 Church Street, Tenth Floor<br>New Haven, CT 06510 | Attorney for the Plaintiff |
| Denise S. Mondell, Esq.<br>Assistant Attorney General<br>State of Connecticut<br>55 Elm Street, Fourth Floor<br>P.O. Box 120<br>Hartford, CT 06141 | Attorney for the Defendant |

**MEMORANDUM OF DECISION AND ORDER DENYING THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT'S SECOND CLAIM FOR RELIEF**

*Introduction*

Pending before the court is the Defendant Board of Trustees of Connecticut State University System's ("CCSU") Motion to Dismiss the Complaint's Second Claim for Relief ("Motion to Dismiss",

ECF No. 8) and responsive pleadings thereto. This Adversary Proceeding was commenced by the Chapter 7 Trustee, Thomas Boscarino ("Trustee") on September 18, 2015 (ECF No. 1), and seeks to claw back tuition payments allegedly made to CCSU, a state entity, by the debtor on behalf of her son pursuant to 11 U.S.C. § 544(b)(1) and the Connecticut Fraudulent Transfer Act, Conn. Gen. Stat § 52-552(e)(a)(2) and § 52-552f(a). On February 18, 2016, CCSU filed the Motion to Dismiss on the ground that the Trustee's Complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). It argued that the Trustee failed to meet the actual unsecured creditor of requirement of 11 U.S.C. § 544(b), because the doctrine of sovereign immunity barred any actual unsecured creditor from bringing a fraudulent conveyance action against a governmental entity under the Connecticut Fraudulent Transfer Act. On April 13, 2016 the Trustee filed a Memorandum of Law in Opposition to the Motion to Dismiss (ECF No. 17), arguing that 11 U.S.C. § 106(a)(1) abrogates state sovereign immunity in fraudulent transfer cases under 11 U.S.C. § 544. On April 28, 2016, CCSU filed its reply brief (ECF No. 18). On May 5, 2016, a hearing was held and the court took the matter under advisement. Having reviewed the record and all papers submitted in support of and in opposition to the motion as well as the applicable law, the court concludes, consistent with the Supreme Court's sovereign immunity jurisprudence, that the adoption of the Bankruptcy Clause "reflects the States' acquiescence in a grant of congressional power to subordinate…sovereign immunity defenses that might have been asserted in bankruptcy proceedings". *Central Virginia Cmty. Coll. v. Katz*, 546 U.S. 356, 126 S. Ct. 990 (2006).

*Standard of Review*

Pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012(b), a motion to dismiss is decided by construing the complaint liberally and drawing all reasonable inferences in the plaintiff's favor. *Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72, 76 (2d Cir. 2015) (citing *Sherman v. Town of Chester,* 752 F.3d 554, 560 (2d Cir.2014). To withstand such a motion, a complaint must "contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 (2009).

*Discussion*

The Supreme Court in *Katz* reached its decision after analyzing the Bankruptcy Clause in Article I, § 8 cl. 4 of the U.S. Constitution, and the reasons for and context in which consequent legislation was proposed and enacted following its ratification. Recognizing that its history evidences the Framers' intent to prevent the then competing sovereigns' interference with the debtors' discharge, as well as redressing wrongs resulting from the States' refusal to respect discharge orders of its sister States, the Supreme Court in *Katz* confirmed the necessity of authorizing a uniform federal response to problems the system created. *Id*. at 358 (citing *Tennessee Student Assistance Corporation v. Hood*, 541 U.S. 440, 124 S. Ct. 1905 (2004)).  *Katz* pointedly concluded that the Bankruptcy Clause was intended "not just as a grant of legislative authority to Congress, but also to authorize limited subordination of state sovereign immunity" in order to effect uniformity in the bankruptcy laws. *Id.* at 363.

The recent opinion of the United States Bankruptcy Court (Bridgeport Division) *Kara S. Rescia, Chapter 7 Trustee v. Eastern Connecticut State University (In Re: Harnett)*, No. 14-32223 (JAM), 2016 WL 5800464 (Bankr. D. Conn. Sept. 30, 2016) presents an analysis on the issue of sovereign immunity with respect to 11 USC § 544(b)(1) that this court finds persuasive and dispositive. Markedly similar to the instant facts, in *Harnett*, the state entity Connecticut State University filed a motion to dismiss the

Trustee's complaint, arguing that the doctrine of sovereign immunity shielded it from the plaintiff's avoidance claim under 11 USC § 544(b)(1). The court held that an analysis of 106(a)(1)'s waiver of states sovereign immunity as to Section 544 was not necessary based on the holding in *Katz*, because the "States agreed not to assert any sovereign immunity defense in proceedings brought pursuant to the 'Laws on the subject of Bankruptcies' when they ratified the Constitution". *In Re: Harnett*, 2016 WL 5800464 at 4. Applying the holding in *Katz* to this decision, insofar as the parties argue for or against a finding of abrogation of sovereign immunity in Section 106(a), this court, too, concludes that such a determination is unnecessary, because "in enacting Section 106(a)(1), Congress codified what the States had already accepted by Convention—abrogation of the State's sovereign immunity in the bankruptcy arena". *Id* (citing *Katz*, 546 U.S. at 379). Accordingly, CCSU's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED** at Hartford, Connecticut this 20th day of October 2016.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut